Eastern District of Kentucky
FILED

DEC 20 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CRIMINAL NO. 6:06-cr-133-KKC

UNITED STATES OF AMERICA     PLAINTIFF

V.     **PLEA AGREEMENT**

DARWIN E. VEACH     DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Counts 1 and 2 of the Information, charging a violation of 18 U.S.C. § 115(a)(1)(B), Threatening to assault a federal law enforcement officer.

2. As to Counts 1 and 2, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a)     The Defendant, while intoxicated, threaten to assault federal law enforcement officers Greg Mullin and Karen Bradford while they were in the process of arresting and transporting the Defendant.

3. The maximum statutory punishment for Count 1 and 2 is imprisonment for not more than 6 years, a fine of not more than $ 250,000, and a term of supervised release of not more than 3 years. A mandatory special assessment of $ 100 applies to each felony count, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

4. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

5. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

6. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

7. The United States and the Defendant agree and recommend that the Defendant's sentence should be ordered to be served concurrently with the Defendant's sentence he received, arising out of this same incident, in the Bell County Circuit Court under Indictment Number 04-CR-279. The Defendant was sentenced to a term of four years and the Judgment was Entered on January 30, 2006.

8. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea and conviction, but retains the right to appeal his sentence.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that his attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary.

AMUL R. THAPAR
UNITED STATES ATTORNEY

Date: 12/20/2006

By: _____
Gregory A. Ousley
Assistant United States Attorney

Date: 12/20/06

_____
Darwin E. Veach
Defendant

Date: 12-20-06

_____
Bruce R. Bentley
Attorney for Defendant

**APPROVED**, this 20 day of December, 2006.

_____
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE